IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL DOWNEY | * | |
| Plaintiff, | * | |
| | | Civil Action No.: RDB 05-1962 |
| v. | * | |
| BIBYS INSURANCE SERVICES INC., et al. | * | |
| | * | |
| Defendants. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>MEMORANDUM OPINION</u>

This action arises out of a complaint that Plaintiff Michael Downey ("Downey" or "Plaintiff"), a Maryland resident, filed against his former employers, Defendants BIBYS Insurance Services Inc., a New York company, and P.J. Robb Variable Corp., a Tennessee company (collectively, "Defendants" or "BIBYS").[1]  The complaint alleges that Defendants breached their commission agreement with Downey and requests $500,000.00 in resulting damages.  Pending before this Court is Defendants' Motion to Dismiss, or in the Alternative, to Stay Proceedings, which requests that this Court abstain from exercising jurisdiction over this matter based on principles enunciated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) and its progeny.  The parties' submissions have been carefully reviewed.  No hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons stated below, Defendants' Motion to Dismiss, or in the Alternative, to Stay Proceedings will be

---

[1] Downey's complaint alleges that "on or about March 18, 2003, [Downey] entered into a contract with [BIBYS and P.J. Robb] whereby [Downey] agreed to act as an insurance sales agent on behalf of [BIBYS and P.J. Robb]."  (Mot. to Dismiss, Ex. C, ¶ 4.)  P.J. Robb Variable Corp. is a wholly-owned subsidiary of BIBYS Insurance Services Inc.  (Mot. to Dismiss, p. 6 n.2.)

DENIED.

## BACKGROUND

On March 7, 2005, Downey resigned as salesman of life insurance and related products for BIBYS. (Mot. to Dismiss, Ex. A, ¶¶ 16-17.) At that time, Downey claimed that BIBYS owed him approximately $72,000 in unpaid commissions and wages. (*Id.*)

On April 12, 2005, Downey's attorney contacted BIBYS to request payment of the unpaid commissions and wages. (Mot. to Dismiss, Ex. A, ¶ 17.) On June 8, 2005, Downey's attorney advised BIBYS that "I will be preparing the lawsuit shortly. Please advise me if you are authorized to accept service of the lawsuit." (Opp'n to Mot. to Dismiss, Ex. A.)

On June 13, 2005, BIBYS filed a complaint against Downey in New York State Supreme Court, New York County (the "New York Action"), seeking a declaratory judgment that BIBYS owes no money to Downey and that Downey owes substantial money to BIBYS. (*See* Mot. to Dismiss, Ex. A, ¶¶ 23-26.) That complaint also alleges the following claims against Downey: breach of contract, conversion, unjust enrichment, misrepresentation, and fraud. (*Id.* at ¶¶ 27-46.) Defendant P.J. Robb Variable Corp. is not named in BIBYS's complaint. (Mot. to Dismiss, p. 6 n.2.)

On June 15, 2005, Downey filed a complaint against BIBYS in the Circuit Court of Maryland for Anne Arundel County (the "Maryland Action"). (*See* Mot. to Dismiss, Ex. C.) Downey's complaint contains a one-count breach of contract claim, and requests that judgment be entered in Downey's favor in the amount of $500,000.00. (*Id.* at p.3.) Defendant P.J. Robb Variable Corp. is named in Downey's complaint. (*Id.*)

On July 19, 2005, BIBYS filed a notice of removal that removed the Maryland Action to this Court. On July 25, 2005, BIBYS filed its Motion to Dismiss, or in the Alternative, to Stay

Proceedings.

## DISCUSSION

BIBYS urges this Court to abstain from exercising jurisdiction over this matter based on principles enunciated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) and related cases. Those principles authorize abstention in the exceptional circumstance where a federal case duplicates contemporaneous state proceedings and "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" clearly favors abstention. *Id.* at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). Both parties agree, at least for purposes of resolving Defendants' motion, that this action and the New York Action are parallel. (*See* Mot. to Dismiss, p. 7 ("In sum, this suit and the New York Action are clearly parallel . . ."); Opp'n to Mot. to Dismiss, p. 6 ("For the sake of this motion, Downey assumes, without conceding, that the actions are parallel.").) Accordingly, this Court's analysis must be based on *Colorado River* and its progeny.

In *Colorado River*, the Supreme Court recognized "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817. As the United States Court of Appeals for the Fourth Circuit has recently reiterated, "[f]ederal courts 'have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not.'" *Chase Brexton Health Services, Inc. v. State of Maryland*, 411 F.3d 457, 462 (4th Cir. 2005) (quoting *Cohens v. Virginia*, 19 U.S. (6 Wheat) 264, 404 (1821)). Thus, "our dual system of federal and state governments allows parallel actions to proceed to judgment until one becomes preclusive of the other." *Vulcan Chem. Tech., Inc. v. Barker*, 297 F.3d 332, 340 (4th Cir. 2002); *see also McLaughlin v. United Virginia Bank*, 955 F.2d 930, 934 (4th Cir. 1992)

("Despite what may appear to result in a duplication of judicial resources, the rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.") (internal quotations omitted).

Abstaining on *Colorado River* grounds "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Chase Brexton*, 411 F.3d at 463. The Supreme Court has explained the limited nature of this form of abstention:

> Given [the virtually unflagging obligation of the federal courts to exercise their jurisdiction], and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are *considerably more limited than the circumstances appropriate for abstention*. The former circumstances, though exceptional, do nevertheless exist.

*Colorado River*, 424 U.S. at 818 (emphasis added). The Fourth Circuit has also emphasized the limitations inherent in *Colorado River* abstention:

> "[a]bdication of the obligation to decide cases can be justified under [*Colorado River* abstention] only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." As such, our task "is not to find some substantial reason for the exercise of jurisdiction by the district court; rather, our task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' . . . to justify the surrender of that jurisdiction."

*Chase Brexton*, 411 F.3d at 463 (internal quotations and citations omitted).

This Court's resolution of Defendants' motion is guided by the above general principles set forth by the Supreme Court in *Colorado River*, as enumerated by the Fourth Circuit in *Chase Brexton*. The following specific factors are to be considered: (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of

avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights. *See Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 15-16, 19-27 (1983); *Colorado River*, 424 U.S. at 818-19; *McLaughlin*, 955 F.2d at 934-35; *Chase Brexton*, 411 F.3d at 463-64.  These factors are not used as a "mechanical checklist," but are instead weighed according to the circumstances of the case "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

      Consideration of the *first* factor—whether the subject matter of the state litigation involves a *res*—provides no support for abstention because there is no property in this case that would allow the New York State Supreme Court to assume *in rem* jurisdiction.

      The *second* factor—whether the federal forum is inconvenient—also does not favor abstention.  The parties indicate that while the Plaintiff and some witnesses reside in Maryland, the Defendant and other witnesses reside in New York.  (*See* Mot. to Dismiss, p. 7; Opp'n to Mot. to Dismiss, pp. 6-7; Reply to Opp'n to Mot. to Dismiss, pp. 4-5.)  Based on this record, this Court cannot conclude that this federal forum is any more or less convenient that the one located in the State of New York.

      The *third* factor—the desirability of avoiding piecemeal litigation—weighs against abstention.  In this breach of contract case, there are no inefficiencies beyond those inherent in parallel litigation.  *See Gannett Co., Inc., v. Clark Const. Group, Inc.*, 286 F.3d 737, 744 (4th Cir. 2002) ("[t]he threat of inconsistent results and the judicial inefficiency inherent in breach of contract litigation . . . are not enough to warrant abstention."); *see also Chase Brexton*, 411 F.3d at 463 ("The threat of piecemeal litigation in the sense that two cases proceed simultaneously

thus is not sufficient to support a decision to abstain under *Colorado River*.").

The *fourth* factor—the order in which jurisdiction was obtained by the courts—also fails to support abstention.  Although it is undisputed that BIBYS filed its action in New York two days before Downey filed his action in Maryland, neither case has progressed beyond procedural motions. (*See* Opp'n to Mot. to Dismiss, p. 8.)  *See*, *e.g.*, *Moses H. Cone*, 460 U.S. at 21 ("priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.").

The *fifth* factor—whether the source of law is federal or state—provides limited support for abstention.  In this case, the underlying agreement between Downey and BIBYS is governed by New York law.  As between this Court and the New York State Supreme Court, the latter is in a better position to interpret and apply New York law.  The support for abstention provided by this factor is limited, however, because this case does not appear to involve unique, novel, or complex issues of New York law.  *Cf. Covance Lab's Inc. v. Orantes*, 338 F.Supp.2d 613, 618 (D. Md. 2004) (discussing *Colorado River* abstention in the context of a unique issue of Wisconsin law).

The *sixth* factor—whether the state proceeding will adequately protect the rights of the parties seeking to invoke federal jurisdiction—also provides limited support for abstention. Neither party has questioned the adequacy of the New York State Supreme Court's ability to protect the parties' rights.

After considering the above factors, weighing them against the circumstances of this case, and taking into account the policies underlying *Colorado River* abstention, this Court cannot conclude that this case presents the "exceptional circumstances" or "important countervailing interests" that justify a federal court's surrendering its jurisdiction in favor of a

parallel state court proceeding. "[I]t was never a doctrine of equity that a federal court should exercise its discretion to dismiss a suit merely because a State court could entertain it." *Alabama Pub. Serv. Comm'n v. Southern R. Co.*, 341 U.S. 341, 361 (1951) (Frankfurter, J., concurring in result).

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss, or in the Alternative, to Stay Proceedings is DENIED. A separate Order follows.


Dated: November 4, 2005              /s/_____
                                     Richard D. Bennett
                                     United States District Judge